UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHY NORWOOD, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF DECEDENT, MICHAEL NORWOOD | * * * * * | CIVIL ACTION NO.: SECTION: JUDGE: |
| VERSUS | * * | MAGISTRATE: |
| RODI MARINE, L.L.C. AND RODI MARINE MANAGEMENT, LLC | * * | |

**COMPLAINT FOR DAMAGES**

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint for Damages of Kathy Norwood, individually and as personal representative of Decedent, Michael Norwood (hereinafter "Plaintiff"), a person of majority age, with respect represents:

1.

Made Defendants herein are:

(a) Rodi Marine, L.L.C. (hereinafter "Defendants"), a limited liability company authorized to do and doing business in this state and judicial district at all material times; and

(b) Rodi Marine Management, LLC (hereinafter "Defendants"), a limited liability company authorized to do and doing business in this state and judicial district at all material times.

2.

At all material times, Decedent, Michael Norwood, was employed by Defendants as a vessel captain within the intendment of the Jones Act, 46 U.S.C. §30104, *et seq.*, for which job he earned approximately $350.00 per day, plus found and fringe benefits.

3.

In March and April, 2020, Defendants assigned Decedent to work aboard a supply vessel in navigation owned, operated and controlled by Defendants at all material times.

4.

In March and April, 2020, the aforesaid vessel was located at the Austal Marine facility in Mobile, Alabama so that work could be performed on the vessel.

5.

While at Austal Marine, the vessel was crewed by Decedent, Captain John Reed and an unknown deckhand, all employed by Defendants.

6.

Sometime in late March, 2020, Defendants instructed Captain John Reed to travel to New Orleans, Louisiana to perform vessel captain services on Defendants' behalf.  Upon competition of the job in New Orleans, Captain Reed returned directly to the vessel at Austal Marine.

7.

Captain Reed remained aboard the vessel at Austal Marine for a few days to a week when he became sick.  Two to three days later, Defendants' office called the vessel asking to speak to Captain Reed.  Decedent informed Defendants that Captain Reed had been sick in his vessel crew quarters for two to three days.

8.

Upon learning of Captain Reed's illness, Defendants removed Captain Reed from the vessel and sent him to a physician.  Upon information and belief, Captain Reed was then transferred to Mobile Infirmary with a diagnosis of COVID-19.

9.

Decedent left the vessel and returned home when Captain Reed was removed for medical help. Decedent stayed at home and did not come in contact with anyone except his wife, Plaintiff Kathy Norwood, who has never had symptoms or tested positive for COVID-19.

10.

Approximately one week after returning home, Decedent began feeling ill. His condition gradually worsened.

11.

On or about April 14, 2020, Kathy Norwood took Decedent to Mobile Urgent Care, from where he was transported by ambulance to Providence Hospital in Mobile, Alabama.

12.

Decedent was diagnosed with COVID-19 at Providence Hospital upon admission. Despite the best efforts of medical and hospital personnel, COVID-19 caused Decedent's untimely death on April 17, 2020.

**FOR A FIRST CAUSE OF ACTION**

13.

Plaintiff repeats and re-avers all factual allegations stated herein as if re-plead in their entirety.

14.

The untimely death of Decedent, Michael Norwood, was caused by the negligence of Defendants in failing to provide Decedent with a safe workplace, failing to implement policies and procedures intended to protect its vessel crew from COVID-19, failing to train its vessel crew

members on the actions necessary to prevent contracting and spreading COVID-19 aboard its vessels and allowing a boat captain infected with COVID-19 to remain aboard the vessel.

15.

Alternatively, the untimely death of Decedent, Michael Norwood, was caused by the negligence of Defendants by and through their employee Captain John Reed who, despite traveling to a location on "lock down" and well known to be a "hotspot" for COVID-19, took no steps to protect himself and others and took no steps in response to developing COVID-19 symptoms, instead opting to remain aboard the vessel in Mobile, Alabama for at least three days while symptomatic and exposing his fellow crew members to COVID-19.

16.

As a consequence of the events and occurrences described herein and the resulting death of Decedent, Plaintiff, Kathy Norwood, as his surviving spouse and personal representative, is entitled to recover damages for Decedent's past emotional and physical pain and suffering as well as loss of economic support on behalf of all of those dependent upon Decedent for said support at the time of his death, and funeral and burial expenses.

17.

Jurisdiction of this first cause of action against Defendants is based upon the Jones Act, 46 U.S.C. §30104, *et seq.*, and/or the general Maritime Law.

**AND FOR A SECOND CAUSE OF ACTION**

18.

Plaintiff repeats and re-avers all allegations of fact and law contained in the previous paragraphs as if re-plead herein in their entirety.

19.

The medical condition of vessel crew member Captain John Reed rendered him unfit for duty and the vessel unfit for its intended purpose and therefore unseaworthy, which unseaworthiness concurrently caused Decedent's death, for which Defendants are liable as the owner and/or operator of the vessel.

20.

As a consequence of the unseaworthiness of the vessel and the resulting events and occurrences described herein and the resulting death of Decedent, Plaintiff, Kathy Norwood, as his surviving spouse and personal representative, is entitled to recover damages for Decedent's past emotional and physical pain and suffering as well as loss of economic support on behalf of all of those dependent upon Decedent for said support at the time of his death, and funeral and burial expenses.

21.

Jurisdiction of this second cause of action against Defendants is based upon the Jones Act, 46 U.S.C. §30104, *et seq.*, and/or the general Maritime Law.

**WHEREFORE**, after due proceedings had, Plaintiff, Kathy Norwood, individually and as personal representative of Decedent, Michael Norwood, prays for judgment in her favor against Defendants, Rodi Marine, L.L.C. and Rodi Marine Management, LLC, for compensatory damages in an amount reasonable under the circumstances of this cause to be determined by this Honorable Court, Decedent's past emotional and physical pain and suffering, loss of economic support, funeral and burial expenses, plus costs and interest allowed by law, and for all additional general and equitable relief to which Plaintiff may be entitled under the circumstances of this cause.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
BETH E. ABRAMSON (#27350)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
babramson@lksalaw.com

COUNSEL FOR PLAINTIFF

**PLEASE SERVE:**

**RODI MARINE, L.L.C.**
through its agent for service of process
Donald "Wade" Guillory
128 Tonbridge Drive
Lafayette, LA  70508

**RODI MARINE MANAGEMENT, LLC**
through its agent for service of process
Jody Janell
406 Silverstone Road
Lafayette, LA  70508